IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS


UNITED STATES OF AMERICA,
Plaintiff,


v.                                    NO.    4:07CR00083-01 GH


PALMER TYSON STUBBLEFIELD
Defendant.

## PRELIMINARY ORDER OF FORFEITURE
### Fed.R.Crim.P. 32.2(b)


IT IS HEREBY ORDERED THAT:

1.  As the result of the guilty plea to Count One of the Information, and a stipulation of the defendant in which he agreed to the forfeiture the Government sought pursuant to Title 18, United States Code, Section 1029 (a)(2) and,  Title 18, United States Code Section 982 (a)(2)(B) defendant shall forfeit to the United States:

a.  All property used or intended to be used in any manner or part to commit the commission of offenses involving Title 18, United States Code, Section 1029(a)(2).

2.  The Court has determined, based on the evidence already in the record that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 1029 (a)(2) and,  Title 18, United States Code Section 982 (a)(2)(B) and that the government has established the requisite nexus between such property and such offenses:

1.       Dell 50 inch plasma TV ser# tw-0k9264-s0082-610-0005 w/remote.

2.       Gray 3 tier glass top TV/audio stand(bello)model avs-42t .

3.       Lg dvd recorder/VCR combo/ receiver model #Lhy518 .

4.       Lg 8 piece surround sound ser #3720rlt9508 .

5.       Xbox 360 with controllers/cords/headsets/carrying case.

6. 5 xbox 360 games(Halo 2,call of duty 2,fifa06, fight night rd3, tiger woods pga06)

7. 1 dell box with assorted cords/speaker cable/ power bars/ assorted manual to electronic devices.

8. Pioneer cd changer/stereo ser # ql3609057vt.

9. Onkyo fm stereo/am receiver ser # 1220025244.

10. mail: FOP letter (Ricky Williamson), Entergy bill (Ron Thomas 916 golflinks dr.), Crutchfield mag (Joseph Chandler).

11. 2 floor standing lava lamps SN 99-0318bk.

12. 1 Toshiba VCR ser 4 head #42677637.

13. Laptop IBM computer ser # 97-811p6.

14. Computer system labeled c1; hp Pavilion 500 PC tower ser# kr15110582, keyboard ser # bf14915510, hp monitor mx50 ser # thtdx33044 w/ attached microphone, canon canoscan fb620u ser # cxd095843, 1 web cam vero stingray ser# 330vb27x011578, hp mouse ser# lzb84581140, sbc dsl modem ser# 415115102563, 2 creative speakers ser #c8mf0030342004255n, and assorted connector and cables.

15. Computer system labeled c2; Magnatronic 3855 tower with no visible ser#, keyboard ser# c66043309, emachine monitor ser #m408a100-36792, emachine mouse ser# 307c10416, pair general electric speakers no ser#, and a bag of assorted cable and connectors.

16. Computer tower found in closet labled c3 hp 4463ser# us906611406.

17. Hp deskjet printer ser# th8c21z3dn.

18. 1 bag containing:

    (a) 1 Quantum hard drive ser #675835533816

    (b) 1 conner hard drive ser# 94112-031

    (c) pair e machines speakers ser# 1290620503348

    (d) hp mouse ser# k014429943

    (e) blue Motorola phone ens# 11906885568

    (f) 1 xbox controller ser# kd701264701

    (g) 1 fellowes thumb type mouse ser#3025016

19.     1 bag containing various cables, disks, and power supply.

20.     1 bag containing of assorted paperwork, cds, and porn mags.

21.     HP Blackberry.

22.     Playstation 2 game console .

23.     Nokia Cell Phone .

3.  Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above listed property and to conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed.R.Crim.P. 32.2(b)(3).

4.  Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.  The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6.  Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21 U.S.C. §853(n)(2).

7.  Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence

and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

8.  Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9.  After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.  The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. 853(n)(2) for the filing of third party petitions.

11.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

SO ORDERED this 29th  day of March, 2007.

_George Howard, Jr._
_____
UNITED STATES DISTRICT JUDGE